ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
————————————————————————X

HIN Y. LIMTUNG,

                                        PLAINTIFF,                COMPLAINT

                                                                  INDEX NO.

                                                        CV 16        0100

                                                                  JUDGE _____

                    -Against-

                                                                  PLAINTIFF    MAUSKOPF, J.

WELLS FARGO BANK, N.A.;
STEVEN J. BAUM, P.C.;                                             DEMANDS
STEVEN J. BAUM;
DOONAN, GRAVES & LONGORIA, LLC.;                                 JURY
STEPHEN M. VALENTE;                                                            BLOOM, M.J.
MARGOLIN & WEINREB LAW GROUP, LLP.;                              TRIAL
ROSS EISENBERG;
MARIX SERVICING, LLC.;
EDWARD G. OLSON;
EMC MORTGAGE CORP.;                            
EMC MORTGAGE, LLC.;
SUSAN LEDUC;
MIGDALIA DEREYAYLA;
WILMINGTON SAVINGS FUND, FSB, NOT IN
ITS INDIVIDUAL CAPACITY BUT SOLELY
AS TRUSTEE OF THE PRIMESTAR-H
FUND I TRUST;
DAVID MCCONNELL
PETER S. THOMAS;
WILMINGTON SAVINGS FUND
SOCIETY, FSB NOT IN ITS INDIVIDUAL CAPACITY
BUT SOLELY AS TRUSTEE OF THE PRIMESTAR-F
FUND I TRUST;
JAMIE RAND;
SELENE FINANCE LP;
JASON BURR;
WELLS FARGO BANK, N.A., NOT IN
ITS INDIVIDUAL OR BANKING CAPACITY, BUT
SOLELY AS TRUSTEE FOR SRMOF II 2011-1 TRUST,
ITS SUCCESSOR AND ASSIGNS.
JANE DOE-1 THROUGH 4; RICHARD ROE-1
THROUGH 4; AND UNKNOWN TRUST 1



THROUGH 4, the last twelve being fictitious names,
the real names of said defendants being presently
unknown to Plaintiffs, said fictitious
names being intended to designate persons and/or entities
who are acting in concert with the defendants,

DEFENDANT     S,
X

Plaintiff, HIN Y. LIMTUNG alleges for his Complaint the following:

## I. SUMMARY OF CASE

1.      The Plaintiff of this lawsuit brings this action for damages Plaintiff has suffered due to the actions of the Defendants, their Associates, and Co-Conspirators, consisting of a Criminal Scheme to launder illegally obtained and invalid Note and Mortgage that encumber the Plaintiff's property with an address of 31-70 Crescent Street, Astoria, NY 11106 (Block 549/Lot 49) through illegal assignments of Note and Mortgage, and submission of false Affidavits and Affirmations, in order to justify foreclosing and selling Plaintiff's property, and to prevent the Plaintiff from asserting his rights and litigating the Home Foreclosure Lawsuit in the Supreme Court of the State of New York of Queens County, thereby enriching themselves at the expense of the Plaintiff.

The Criminal Scheme which is on-going constitutes unlawful racketeering activities that entitle the Plaintiff relief pursuant to the provisions of Section 1961 et seq. of Title 18 of the United States Code ("U.S.C."), Chapter 96, commonly known as the Racketeer Influenced and Corrupt Organization Act ("RICO"). The Defendants in this

2

lawsuit have violated  18 U.S.C. §1962(b), 18 U.S.C. §1962(c), 18 U.S.C. §1962(d) of

the Racketeer Influenced and Corrupt Organizations (RICO) Act, and 18 U.S.C. § 1341,

18 U.S.C. § 1343 of the Mail and Wire Fraud Statutes.

The actions associated with the laundering of illegally obtained and stolen Note

and Mortgage through illegal Assignments of Note and Mortgage are similar if not

identical to Money Laundering whereby "Black Money" obtained through racketeering

and corrupt activity is converted into "Legitimate Money" with the exception that at the

end of the laundering of illegally obtained and invalid Note and Mortgage, the Plaintiff

has lost property worth in excess of $2,000000 while the Defendants have enriched

themselves in excess of $2,0000000.


## II. PARTIES

a. Plaintiff

2.      At all pertinent times, Plaintiff HIN Y. LIMTUNG resided at 31-70

Crescent Street, Astoria, NY 11106.

3.      Defendant, WELLS FARGO BANK, N.A. is a Corporation that operates

throughout the United States, including the State of New York.

The addresses of WELLS FARGO BANK, N.A. in connection with this action

are listed as:

                    WELLS FARGO BANK, N.A.
                    3476 STATEVIEW BOULEVARD
                    FORT MILL, SC 29715

                    WELLS FARGO BANK, N.A.
                    P.O. BOX 5137
                    DESMOINES, IA 50306

WELLS FARGO BANK, N.A.
C/O MARIX SERVICING, LLC.
1925 W. PINNACLE PEAK ROAD
PHOENIX, AZ 85027

WELLS FARGO BANK, N.A.
C/O SELENE FINANCE LP
9990 RICHMOND AVENUE, SUITE 400 SOUTH
HOUSTON, TX 77042

4.      Defendant STEVEN J. BAUM, P.C. is a law firm in the practice of law

specializing in Home Foreclosure (A HOME FORECLOSURE EXTERPRISE) and the

collection of debt as a debt collector for mortgage servicers and investors.

The address of STEVEN J. BAUM, P.C. in connection with this action is listed

as:

STEVEN J. BAUM, P.C.
220 NORTHPOINTE PARKWAY, SUITE G.
AMHERST, NY 14228.

5.      Defendant STEVEN J. BAUM, ESQ. is the principal owner of STEVEN

J. BAUM, P.C. and an employee of STEVEN J. BAUM, P.C.

The address of STEVEN J. BAUM, ESQ. in connection with this action is  listed

as

STEVEN J. BAUM, ESQ.
C/O STEVEN J. BAUM, P.C.
220 NORTHPOINTE PARKWAY, SUITE G.
AMHERST, NY 14228.

6.      Defendant DOONAN, GRAVES & LONGORIA, LLC. is a law firm in

the practice of law specializing in Home Foreclosure (A HOME FORECLOSURE

EXTERPRISE) and the collection of debt as a debt collector for mortgage servicers and



investors.

The address of DOONAN, GRAVES & LONGORIA, LLC. in connection with this action is listed as:

> DOONAN, GRAVES & LONGORIA, LLC.
> 100 CUMMINGS CENTER, SUITE 225D
> BEVERLY, MA 01915

7.    STEPHEN M. VALENTE, ESQ. is an attorney admitted to practice in New York State and an employee of the Defendant DOONAN, GRAVES & LONGORIA, LLC. who has signed and filed affirmations and affidavits in the State of New York that are the subject of this action.

The address of STEPHEN M. VALENTE, ESQ. in connection with this action is as listed as:

> STEPHEN M. VALENTE, ESQ.
> C/O DOONAN, GRAVES & LONGORIA, LLC.
> 100 CUMMINGS CENTER, SUITE 225D
> BEVERLY, MA 01915

8.    Defendant MARGOLIN & WEINREB LAW GROUP, LLP. is a law firm in the practice of law specializing in Home Foreclosure (A HOME FORECLOSURE EXTERPRISE) and the collection of debt as a debt collector for mortgage servicers and investors.

The address of MARGOLIN & WEINREB LAW GROUP, LLP. in connection with this action last listed as:

> MARGOLIN & WEINREB LAW GROUP, LLP.
> 165 EILEEN WAY, SUITE 101
> SYOSSET, NEW YORK 11791

9.    Defendant ROSS EISENBERG, ESQ. is an attorney admitted to practice



in New York State and an employee of the Defendant MARGOLIN & WEINREB LAW GROUP, LLP. who has signed and filed affirmations and affidavits in the State of New York that are the subject of this action.

The address of ROSS EISENBERG, ESQ. in connection with this action is listed as:

> ROSS EISENBERG, ESQ.
> C/O MARGOLIN & WEINREB LAW GROUP, LLP.
> 165 EILEEN WAY, SUITE 101
> SYOSSET, NEW YORK 11791

10.    Defendant MARIX SERVICING, LLC. is an entity that supplies a range of services including mortgage servicing for the Defendant WELLS FARGO BANK, N.A.

The address of MARIX SERVICING, LLC.   in connection with this action is last listed as:

> MARIX SERVICING, LLC.
> 1925 W. PINNACLE PEAK ROAD
> PHOENIX, AZ 85027

11.    Defendant EDWARD G. OLSON is an individual who has signed and filed affidavits in the State of New York that are the subject of this action.

The address of EDWARD G. OLSON in connection with this action is listed as:

> EDWARD G. OLSON
> C/O WELLS FARGO BANK, N.A.
> C/O MARIX SERVICING, LLC.
> 1925 W. PINNACLE PEAK ROAD
> PHOENIX, AZ 85027

12.    Defendant EMC MORTGAGE CORP. is a Corporation that operates throughout the United States, including the State of New York.

The address of EMC MORTGAGE CORP. in connection with this action is listed



as:

> EMC MORTGAGE CORP.
> C/O MARIX SERVICING, LLC.
> 1925 W. PINNACLE PEAK ROAD
> PHOENIX, AZ 85027

13.    Defendant EMC MORTGAGE LLC. is a entity that operates throughout

the United States, including the State of New York.

The address of EMC MORTGAGE LLC. in connection with this action is listed

as:

> EMC MORTGAGE LLC.
> C/O MARIX SERVICING, LLC.
> 1925 W. PINNACLE PEAK ROAD
> PHOENIX, AZ 85027

14.    Defendant SUSAN LEDUC is a Notary Public who has signed and filed

affidavits in the State of New York that are the subject of this action.

The address of SUSAN LEDUC in connection with this action is listed as:

> SUSAN LEDUC
> C/O MARIX SERVICING, LLC.
> 1925 W. PINNACLE PEAK ROAD
> PHOENIX, AZ 85027

15.    Defendant MIGDALIA DEREYAYLA  is an individual who has

notarized affidavits in the State of New York that are the subject of this action.

The address of MIGDALIA DEREYAYLA is listed as:

> MIGDALIA DEREYAYLA
> NOTARY PUBLIC
> KINGS COUNTY, NEW YORK

16.    Defendant WILMINGTON SAVINGS FUND, FSB, NOT IN ITS

INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE OF THE PRIMESTAR-H

FUND I TRUST is an entity with the following address:



WILMINGTON SAVINGS FUND, FSB, NOT IN ITS INDIVIDUAL
CAPACITY BUT SOLELY AS TRUSTEE OF THE PRIMESTAR-H
FUND I TRUST,
C/O PRIME ASSET FUND
P.O. BOX 447
ODESSA, FL 33556

17.     Defendant David McDonnell is an individual who has prepared and signed
Affidavits in the State of New York that are the subject of this action.

The address of David McDonnell is listed as:

DAVID MCDONNELL
STATEBRIDGE COMPANY, LLC.
SERVICING AGENT FOR WILMINGTON SAVINGS FUND, FSB,
NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE
OF THE PRIMESTAR-H FUND I TRUST,
C/O PRIME ASSET FUND
P.O. BOX 447
ODESSA, FL 33556

18.     Defendant PETER S. THOMAS, ESQ. is an individual who has prepared

and signed Affirmations in the State of New York that are the subject of this action.

The address of PETER S. THOMAS is listed as:

PETER S. THOMAS, ESQ,
10818 QUEENS BLVD, #606
FOREST HILLS, NY 11375

19.     Defendant WILMINGTON SAVINGS FUND SOCIETY, FSB NOT IN

ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE OF THE PRIMESTAR-F

FUND I TRUST is an entity with the following address:

WILMINGTON SAVINGS FUND SOCIETY, FSB NOT IN ITS
INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE OF THE
PRIMESTAR-F FUND I TRUST
12425 RACE TRACT ROAD
TAMPA, FL 33626

20.     Defendant JAMIE RAND is an individual who has signed and filed

affidavits in the State of New York that are the subject of this action.



The address of JAMIE RAND in connection with this action is listed as:

JAMIE RAND
C/O WILMINGTON SAVINGS FUND SOCIETY, FSB NOT IN ITS
INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE OF THE
PRIMESTAR-H FUND I TRUST,
12425 RACE TRACT ROAD
TAMPA, FL 33626

21.   Defendant SELENE FINANCE LP is an entity that operates throughout

the United States, including the State of New York. Defendant SELENE FINANCE LP

supplies a range of services including mortgage servicing for the Defendant WELLS

WELLS FARGO BANK, N.A., NOT IN ITS INDIVIDUAL OR

BANKING CAPACITY, BUT SOLELY AS TRUSTEE FOR SRMOF II 2011-1

FARGO BANK, N.A.

The address of SELENE FINANCE LP is listed as:

SELENE FINANCE LP
9990 RICHMOND AVENUE, SUITE 400 S
HOUSTON, TX 77042

22.   Defendant JASON BURR is an individual associated with SELENE

FINANCE LP who has signed and filed affidavits in the State of New York that are the

subject of this action.

The address of JAMIE RAND in connection with this action is listed as:

JASON BURR
C/O SELENE FINANCE LP
9990 RICHMOND AVENUE, SUITE 400 S
HOUSTON, TX 77042

23.   Defendant WELLS FARGO BANK, N.A., NOT IN ITS INDIVIDUAL

OR BANKING CAPACITY, BUT SOLELY AS TRUSTEE FOR SRMOF II 2011-1

TRUST, ITS SUCCESSOR AND ASSIGNS is an entity with the following address:

9

WELLS FARGO BANK, N.A., NOT IN ITS INDIVIDUAL OR
BANKING CAPACITY, BUT SOLELY AS TRUSTEE FOR SRMOF II
2011-1 TRUST, ITS SUCCESSOR AND ASSIGNS.
C/O SELENE FINANCE LP
9990 RICHMOND AVENUE, SUITE 400 S
HOUSTON, TX 77042

## III. JURISDICTION AND VENUE

24.     Jurisdiction of this lawsuit is founded upon the existence of a federal

question arising under RICO, 18 U.S.C. §1962(b), 18 U.S.C. §  1962(c), 18 U.S.C. §

1962(d), 18 U.S.C. §1964(c); 18 U.S.C. §1341; 18 U.S.C. §1343; 28 U.S.C. §2201; 28

U.S.C.  §2202; 28 U.S.C. §1331; 28 U.S.C. § 1337; and 28 U.S.C. §1367.

25.     This Court has further jurisdiction for the Second Count pursuant to the

FDCPA, 15 U.S.C. § 1692k(d), 28 U.S.C. §1331 and 28 U.S.C. §1337,

26.     Venue is founded upon 18 U.S.C. §1965(a) which provides that "Any civil

action or proceeding under this chapter against a person may be instituted in the District

Court of the United States for any district in which such person resides, is found, has an

agent, or transact his affairs".

27.     The Defendants WELLS FARGO BANK, N.A. STEVEN J. BAUM, P.C.

and STEVEN J. BAUM, ESQ. transacts business within the Eastern District of New

York.

28.     The Defendant MARGOLIN & WEINREB LAW GROUP, LLP. transacts

business within the Eastern District of New York at an office located at 165 Eileen Way,

Suite 101, Syosset, N.Y. 11791.

29.     Each of the Defendants is either a resident of the State of New York or an

individual or business organization that has committed tortious conduct intending that it have an impact within New York State.


## IV. STATEMENT OF CLAIM


### A. STATEMENT OF FACT

30.     This lawsuit is based on the facts as stated below.

31.     On August 6, 2007, the Defendants, STEVEN J. BAUM, P.C, and STEVEN J. BAUM, P.C. Attorney for the Defendant, Wells Fargo Bank, N.A. filed a Foreclosure Lawsuit against the Plaintiff of this lawsuit in the Supreme Court of the State of New York under Index Number 19442/07 in regard to the Plaintiff's property with an address of 31-70 Crescent Street, Astoria, NY 11106 (Block 00567, Lot 0049).

32.     In his answer to the Summons and Complaint the Home Forclosure Lawsuit under Index Number 19442/07, the Plaintiff had explicitly questioned and denied that the Defendant, Wells Fargo Bank, N.A. was the owner of the Note and Mortgage that encumbered the Plaintiff's property with an address of 31-70 Crescent Street, Astoria, NY 11106 (Block 00567, Lot 0049) (The Note and Mortgage) and that the Plaintiff was not in Default at the time the Home Foreclosure Lawsuit was initiated.

33.     Since December 2, 2008, the Plaintiff has represented himself in the Home Foreclosure Lawsuit and the Plaintiff''s address has been 31-70 Crescent Street, Astoria, NY 11106.

34.    Since December 26, 2008, the Plaintiff through various Motions has maintained that the Defendant, Steven J. Baum, P.C. and the Defendant, Wells Fargo Bank, N.A. have committed Intrinsic and Extrinsic Fraud against the Plaintiff and the Supreme Court of the State of New York Court.

35.    On February 19, 2009, upon submission of documents that are the subject of this litigation, the Defendant, WELLS FARGO BANK, N.A. in the Home Foreclosure Lawsuit under Index Number 19942/07 was awarded Summary Judgment by the Supreme Court of the State of New York of Queens County, presided by the Honorable Kevin J. Kerrigan.

36.    On April 22, 2009, the Supreme Court of the State of New York of Queens County presided by Honorable Kevin J. Kerrigan appointed Mr Arthur W. Lonschein, ESQ. , a Retired Justice of the Supreme Court of the State of New York as Referee to compute the amount that  the Plaintiff allegedly owed the Defendant, WELLS FARGO BANK, N.A.

37.    Thereafter, Mr Arthur W. Lonschein, ESQ., a Retired Justice of the Supreme Court of the State of New York determined that there was fraud committed by the Defendants WELLS FARGO BANK, N.A., STEVEN J. BAUM, P.C., AND STEVEN J. BAUM, ESQ., and informed the Honorable Court presided by Honorable Kevin J. Kerrigan that he was unable to compute and provide a true accounting of what the Appellant allegedly owed because of the fraud.

38.    Among others, the findings of the Referee, Mr Arthur Lonschein, ESQ. a Retired Justice of the Supreme Court showed that the Plaintiff was not in default when the Defendant, Wells Fargo Bank, N.A. through its Attorney, the Defendant,  Steven J.

Baum, P.C. initiated Foreclosure Lawsuit against the Appellant under Index Number 19442/07 in regard to the property with an address of 31-70 Crescent Street, Astoria, NY 11106 (Block 00567, Lot 0049).

39.    Among others, the findings of the Referee, Mr Arthur Lonschein, ESQ. a Retired Justice of the Supreme Court showed that there was subterfuge by the Defendant, Wells Fargo Bank, N.A. and its Attorney, the Defendant, Steven J. Baum, P.C. in that they concealed mortgage payment made by the Plaintiff in order to make it appear that the Plaintiff was in default, thereby justifying the initiation of the Home Foreclosure Lawsuit that was illegal.

40.    Among others, the findings of the Referee, Mr Arthur Lonschein, ESQ. a Retired Justice of the Supreme Court showed that the Defendant, Wells Fargo Bank, N.A. and its Attorney, the Defendant, Steven J. Baum, P.C. had violated the laws of South Dakota where the Defendant, Wells Fargo Bank, N.A. was domiciled and that the Plaintiff's Rights had been violated by the Defendant, Wells Fargo Bank, N.A.

41.    Among others, the findings Mr Arthur Lonschein, ESQ. a Retired Justice of the Supreme Court showed that the Defendant, Wells Fargo Bank, N.A. did not own the Note and Mortgage that encumbered the Plaintiff's property with an address of 31-70 Crescent Street, Astoria, NY 11106 (Block 00567, Lot 0049) that was the subject of the Home Foreclosure Lawsuit under Index No. 19442/07.

42.    On or around April 13, 2011, in their investigation, the Office of the Comptroller of the Currency and the Board of Governors of the Federal Reserve System found that the Defendant, WELLS FARGO BANK, N.A. had engaged in unsafe and

unsound practices in Residential Mortgage Servicing and in the initiation and handling of
Foreclosure Proceedings.

43.     On or around April 13, 2011, the Defendant, WELLSFARGO BANK,
N.A. consented to the issuance of a Cease and Desist Order filed by the Comptroller of
the Currency and the Board of Governors of the Federal Reserve System (EXHIBIT A).

44.     On or around January 3, 2012, it was established that the Defendant, Wells
Fargo Bank, N.A. did not own the Note and Mortgage that encumbered the Plaintiff's
property with an address of 31-70 Crescent Street, Astoria, NY 11106 (Block 00567, Lot
0049) that was the subject of the Home Foreclosure Lawsuit under Index No. 19442/07.
It was established that the Note and Mortgage have been illegally securitized and
unlawfully sold to multiple parties, and that none of the Defendants in this lawsuit can
show proper receipt, possession, transfer, negotiations, and assignment of the Plaintiff's
original Promissory Note and Mortgage, resulting in imperfect security interests and
claims. Further, none of the Defendants have the ability to establish that the Mortgage
that secured the Note was legally or properly acquired.

45.     On or around January 3, 2012, finding that they would be unable and were
legally barred to pursue the Home Foreclosure Lawsuit against the Plaintiff under Index
No. 19442/07 in the Supreme Court of the State of New York of Queens County, the
Defendants, WELLS FARGO BANK, N.A.  and its Co-Conspirators, STEVEN J.
BAUM, P.C.,  STEVEN J. BAUM, ESQ., DOONAN, GRAVES & LONGORIA, LLC.
and STEPHEN M. VALENTE, ESQ. in their respective Offices conspired and acted in
concert to initiate a Criminal Scheme to launder the illegally obtained and invalid Note
and Mortgage that encumbered Plaintiff's property with an address of 31-70 Crescent



Street, Astoria, NY 11106 (Block 00567, Lot 0049) in order to justify Home Foreclosure

Action in the Supreme Court of the New York of Queens County and to prevent the

Plaintiff in this lawsuit to assert his rights in and litigate the Home Foreclosure Action

under Index No. 19442/07. The Defendants used Interstate Mailing, Interstate Electronic

Communication (Internet), Telephone and Fax Communication to accomplish their

Criminal Scheme as described below.

      46.     On or around January 3, 2012, the Defendants, WELLS FARGO BANK,

N.A., STEVEN J. BAUM, P.C., STEVEN J. BAUM, ESQ., DOONAN, GRAVES &

LONGORIA, LLC. and STEPHEN M. VALENTE, ESQ. in their respective offices

conspired and acted in concert to prepare Assignment Documents and assigned the

illegally obtained and invalid Note and Mortgage to another entity, the Defendant, EMC

MORTGAGE, CORP. through another entity, the Defendant, MARIX SERVICING,

LLC.

      The said Note and Mortgage Assignment was purported to be executed by the

Defendant, EDWARD G, OLSON  with the title of Vice President Loan Documentation

on behalf of the Defendant, WELLS FARGO BANK, N.A. with an address C/O MARIX

SERVICING, LLC., 1925 W. Pinnacle Peak Road, Phoenix, AZ 85027. However, the

signature on the Note and Mortgage Assignment is different from the usual signature of

the individual Edward G. Olson. The usual address of business of WELLS FARGO

BANK, NA  was and is 2701 Wells Fargo Way, Minneapolis, MN 55467. However, the

address of WELLS FARGO BANK, N.A. is stated nowhere in the Assignment

documents (EXHIBIT B).

On or around January 3, 2012, the Defendants WELLS FARGO BANK, N.A., STEVEN J. BAUM, P.C., STEVEN J. BAUM, ESQ., transmitted and sent the said Note and Mortgage Assignment Documents which were notarized by an individual named Craig Cole to the Defendants EMC MORTGAGE, CORP. C/O MARIX SERVICING, LLC., DOONAN, GRAVES & LONGORIA, LLC and STEPHEN M. VALENTE, ESQ. via FAX Transmission and Interstate Mailing.

On or around March 12, 2012, the Defendants, WELLS FARGO BANK, N.A., STEVEN J. BAUM, P.C., STEVEN J. BAUM, ESQ., DOONAN, GRAVES & LONGORIA, LLC. and STEPHEN M. VALENTE, ESQ. submitted the said Note and Mortgage Assignment Documents to the NYC Office of the City Registrar for recording via Electronic Transmission (EXHIBIT A). Copies of the illegally obtained and illegal Note and Mortgage were in the possession of the Defendants, WELLS FARGO BANK, N.A. and STEVEN J. BAUM, P.C. AND STEVEN J. BAUM, ESQ. DOONAN, GRAVES & LONGORIA, LLC. and STEPHEN M. VALENTE, ESQ. on January 3, 2012 (EXHIBIT B).

47.     On or around the month of March 2012, the Home Foreclosure Lawsuit under Index No. 19442/2007 in the Supreme Court of the State of New York of Queens County was stayed and remained stayed until December 10, 2014. The Plaintiff relied on WebCivil Supreme E court Website of the New York State Unified Court System to verify that the Home Foreclosure Lawsuit under Index Number 19442/07 was stayed (December 10, 2014) (EXHIBIT C).

48.     On or around September 13, 2012, while the Home Foreclosure Action in the Supreme Court of the State of New York of Queens County under Index No.

49.     On or around the month of January 2013, the Defendant, WELLS FARGO

BANK, N.A. settled with Federal Banking Regulators, the Office of the Comptroller of

the Currency and the Board of Governors of the Federal Reserve System and entered into

an agreement to pay an indemnity to home owners who were affected by the fraud

perpetrated by the Defendant. WELLS FARGO BANK, N.A. and the Defendant,

STEVEN J. BAUM, P.C. (EXHIBIT F).

50.     On or around April 5, 2013, the Defendants, WELLS FARGO BANK,

N.A., STEVEN J. BAUM, P.C., STEVEN J. BAUM, ESQ.,  DOONAN, GRAVES &

LONGORIA, LLC. and STEPHEN M. VALENTE, ESQ. from their respective offices

orchestrated the transfer of the illegally obtained and invalid Note and Mortgage from the

Defendant, EMC MORTGAGE CORP. to the Defendant, EMC MORTGAGE LLC.

with an address of  909 North Hidden Ridge Drive, Suite 200, Irving, TX 75038 and then

to the Defendants, WILMINGTON SAVINGS FUND, FSB, NOT IN ITS INDIVIDUAL

CAPACITY BUT SOLELY AS TRUSTEE OF THE PRIMESTAR-H FUND I TRUST,

C/O PRIME ASSET FUND with an address of C/O PRIME ASSET FUND, P.O. BOX

447, ODESSA, FL 33556.

While the Assignors, the Defendants, EMC MORTGAGE CORPORATION and

EMC MORTGAGE LLC. had an address of 909 North Hidden Ridge Drive, Suite 200,

Irving, TX 75038, the Assignee, the Defendant, WILMINGTON SAVINGS FUND, FSB,

NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE OF THE

PRIMESTAR-H FUND I TRUST had an address of C/O PRIME ASSET FUND, P.O.

BOX 447, ODESSA, FL 33556. an unknown individual with unknown affiliation signed

and executed the Assignment Documents in Kings County in the State of New York, The

17

Defendant, MIGDALIA DEREYAYLA notarized the documents despite the fact that they were signed by an unknown individual with unknown affiliation (EXHIBIT G).

On or around May 8, 2013, the Defendants, DOONAN, GRAVES & LONGORIA, LLC. and STEPHEN M. VALENTE, ESQ. submitted the said Note and Mortgage Assignment Documents to the NYC Office of the City Registrar for recording via Electronic Transmission on May 8, 2013 (EXHIBIT G).

51.     On April 24, 2014, while the Home Foreclosure Action in the Supreme Court of the State of New York of Queens County under Index No. 19442/07 remained stayed and inactive, the Defendants, WELLS FARGO BANK, N.A., STEVEN J. BAUM, P.C., STEVEN J. BAUM, ESQ., DOONAN, GRAVES & LONGORIA, LLC. and STEPHEN M. VALENTE, ESQ. from their respective offices conspired and acted in concert to file a Motion without Notice to the Plaintiff of this lawsuit in the Supreme Court of the State of New York of Queens County to confirm the Referee's Report and Enter Judgment of Foreclosure and Sale, and Order Amending Caption without Notice to the Plaintiff of this Lawsuit. This time, the Defendants, WELLS FARGO BANK, N.A., DOONAN, GRAVES & LONGORIA, LLC. and STEPHEN M. VALENTE, ESQ. used the Defendant, WELLS FARGO BANK, N.A. as Plaintiff in the Caption (EXHIBIT H). By their action, the above Defendants have committed Extrinsic Fraud against the Supreme Court of the State of New York of Queens County  and Plaintiff of this lawsuit.

52 .     On or around April 24, 2014, the Defendants, WELLS FARGO BANK, N.A., STEVEN J. BAUM, P.C., STEVEN J. BAUM, ESQ., DOONAN, GRAVES & LONGORIA, LLC., STEPHEN M. VALENTE, ESQ., WILMINGTON SAVINGS FUND, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE

18

OF THE PRIMESTAR-H FUND I TRUST , DAVID MCCONNELL and PETER S.

THOMAS, ESQ. submitted certain fraudulent documents including copies of illegally

obtained and invalid Note and Mortgage and false Affidavits and Affirmations to the

Supreme Court of the State of New York of Queens County. By their action, the above

Defendants have committed Intrinsic and Extrinsic Fraud against the Supreme Court of

the State of New York of Queens County and the Plaintiff of this lawsuit.. (EXHIBIT I).

53.     On or around April 24, 2014, the Defendants, WELLS FARGO BANK,

N.A., STEVEN J. BAUM, P.C., STEVEN J. BAUM, ESQ., DOONAN, GRAVES &

LONGORIA, LLC. and STEPHEN M. VALENTE, ESQ. WILMINGTON SAVINGS

FUND, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE

OF THE PRIMESTAR-H FUND I TRUST , DAVID MCCONNELL and PETER S.

THOMAS, ESQ. conspired and acted in concert to conceal the fact that the Assignment

Documents that transferred the illegally obtained and invalid Note and Mortgage from the

Defendant EMC MORTGAGE, LLC to WILMINGTON SAVINGS FUND, FSB, NOT

IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE OF THE

PRIMESTAR-H FUND I TRUST  was a sham and illegal as they were executed by an

unknown individual with unknown affiliation in Kings County in the State of New York

and that the Defendant, MIGDALIA DEREYAYLA notarized the documents despite the

fact that they were signed by an unknown individual with unknown affiliation (EXHIBIT

G), By their action, the above Defendants have committed Intrinsic Fraud and Extrinsic

Fraud against the Supreme Court of the State of New York of Queens County and the

Plaintiff of this lawsuit.

54.     On or around April 27, 2014, the Defendants, WELLS FARGO BANK,

N.A., STEVEN J. BAUM, P.C., STEVEN J. BAUM, ESQ.,DOONAN, GRAVES &

LONGORIA, LLC., STEPHEN M. VALENTE, ESQ. WILMINGTON SAVINGS

FUND, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE

OF THE PRIMESTAR-H FUND I TRUST, DAVID MCCONNELL and PETER S.

THOMAS, ESQ. submitted to the Supreme Court of the State of New York of Queens

County, a Referee's Report stating that the Plaintiff of this lawsuit owed the Defendant,

WILMINGTON SAVINGS FUND, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT

SOLELY AS TRUSTEE OF THE PRIMESTAR-H FUND I TRUST the amount of

$1,043,711.56 which included $332,799.44 as interest at 9.62500% per annum from

March 1, 2007 to June 24, 2013 (EXHIBIT I).

     55.    The Defendants, WELLS FARGO BANK, N.A., STEVEN J. BAUM,

P.C., STEVEN J. BAUM, ESQ., DOONAN, GRAVES & LONGORIA, LLC.,

STEPHEN M. VALENTE, ESQ. WILMINGTON SAVINGS FUND, FSB, NOT IN ITS

INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE OF THE PRIMESTAR-H

FUND I TRUST, DAVID MCCONNELL and PETER S. THOMAS, ESQ. knew or had

reason to know that pursuant to the Mortgage that the Plaintiff of this lawsuit had

executed, the interest that could be charged in the Mortgage that encumbers the Plaintiff's

property with an address of with an address of 31-70 Crescent Street, Astoria, NY 11106

(Block 00567, Lot 0049) was no more than 6.5% from 2008. By their action, the above

Defendants have committed Intrinsic Fraud and Extrinsic Fraud against the Supreme

Court of the State of New York of Queens County and the Plaintiff of this lawsuit.

     56.    The Defendants, WELLS FARGO BANK, N.A., STEVEN J. BAUM,

P.C., STEVEN J. BAUM, ESQ., DOONAN, GRAVES & LONGORIA, LLC.,

STEPHEN M. VALENTE, ESQ. WILMINGTON SAVINGS FUND, FSB, NOT IN ITS

INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE OF THE PRIMESTAR-H

FUND I TRUST, DAVIDMCCONNELL and PETER S. THOMAS, ESQ. knew or had

reason to know that the assignment of the illegally obtained and illegal Note and

Mortgage from the Defendant, EMC MORTGAGE CORP. to the Defendant, EMC

MORTGAGE LLC. with an address of  909 North Hidden Ridge Drive, Suite 200,

Irving, TX 75038 and then to the WILMINGTON SAVINGS FUND, FSB, NOT IN ITS

INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE OF THE PRIMESTAR-H

FUND I TRUST,  C/O PRIME ASSET FUND with an address of C/O PRIME ASSET

FUND, P.O. BOX 447, ODESSA, FL 33556, was a sham and an illegal act, and

contravened New York State Law.

    As stated above, the Assignment of the illegally obtained and illegal Note and

Mortgage from the Defendant, EMC MORTGAGE CORP. to the Defendant, EMC

MORTGAGE LLC. with an address of  909 North Hidden Ridge Drive, Suite 200,

Irving, TX 75038 and then to the WILMINGTON SAVINGS FUND, FSB, NOT IN ITS

INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE OF THE PRIMESTAR-H

FUND I TRUST,  C/O PRIME ASSET FUND with an address of C/O PRIME ASSET

FUND, P.O. BOX 447, ODESSA, FL 33556, was signed by an unknown individual (a

Robo Signer) with an unknown affiliation (EXHIBIT G).

    57.    Further, on or around April 27, 2014, the Defendants, WELLS FARGO

BANK, N.A., STEVEN J. BAUM, P.C., STEVEN J. BAUM, ESQ., DOONAN,

GRAVES & LONGORIA, LLC., STEPHEN M. VALENTE, ESQ. WILMINGTON

SAVINGS FUND, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS

TRUSTEE OF THE PRIMESTAR-H FUND I TRUST and PETER S. THOMAS, ESQ.

Knew or had reason to know that the Note and Mortgage that encumbered the Plaintiff

property with an with an address of 31-70 Crescent Street, Astoria, NY 11106 (Block

00567, Lot 0049) have been illegally securitized and unlawfully sold to multiple parties,

and that none of the Defendants can show proper receipt, possession, transfer,

negotiations, and assignment of the Plaintiff's original Promissory Note and Mortgage,

resulting in imperfect security interests and claims or have the ability to establish that the

Mortgage that secured the Note was legally or properly acquired.

58.    On or around April 27, 2014, the Defendants WELLS FARGO BANK,

N.A., STEVEN J. BAUM, P.C., STEVEN J. BAUM, ESQ.,DOONAN, GRAVES &

LONGORIA, LLC., STEPHEN M. VALENTE, ESQ. WILMINGTON SAVINGS

FUND, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE

OF THE PRIMESTAR-H FUND I TRUST, MARGOLIN & WEINREB LAW GROUP,

LLP AND ROSS EISENBERG, ESQ.  and PETER S. THOMAS, ESQ. Knew or had

reason to know that because the Note was securitized and converted into a Stock or Stock

equivalent, it could no longer exist as the existence of both the Note and the Stock

constitutes Securities Fraud.

59.    On or around April 27, 2014, the Defendants WELLS FARGO BANK,

N.A., STEVEN J. BAUM, P.C., STEVEN J. BAUM, ESQ., DOONAN, GRAVES &

LONGORIA, LLC., STEPHEN M. VALENTE, ESQ. WILMINGTON SAVINGS

FUND, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE

OF THE PRIMESTAR-H FUND I TRUST, MARGOLIN & WEINREB LAW GROUP,

LLP AND ROSS EISENBERG, ESQ. DAVIDMCCONNELL and PETER S. THOMAS,

ESQ. Knew or had reason to know that the Note and/or the Mortgage that encumbered

the Plaintiff property with an with an address of 31-70 Crescent Street, Astoria, NY

11106 (Block 00567, Lot 0049) have been sold, pooled and securitized on multiple

occasions to multiple parties, and that the Defendants in this lawsuit including, WELLS

FARGO BANK, N.A., EMC MORTGAGE CORP., EMC MORTGAGE LLC. ,

WILMINGTON SAVINGS FUND, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT

SOLELY AS TRUSTEE OF THE PRIMESTAR-H FUND I TRUST, WILMINGTON

SAVINGS FUND, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS

TRUSTEE OF THE PRIMESTAR-F FUND I TRUST, SELENE FINANCE LP. and

WELLS FARGO BANK, N.A., NOT IN ITS INDIVIDUAL OR BANKING

CAPACITY, BUT SOLELY AS TRUSTEE FOR SRMOF II 2011-1 TRUST, ITS

SUCCESSOR AND ASSIGNS, have been paid in full multiple times,

    60.    On April 27, 2014, the Defendants WELLS FARGO BANK, N.A.,

DOONAN, GRAVES & LONGORIA, LLC., STEPHEN M. VALENTE, ESQ.

WILMINGTON SAVINGS FUND, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT

SOLELY AS TRUSTEE OF THE PRIMESTAR-H FUND I TRUST, MARGOLIN &

WEINREB LAW GROUP, LLP AND ROSS EISENBERG, ESQ.  DAVID

MCCONNELL and PETER S. THOMAS, ESQ. knew or had reason to know that the

Defendants WELLS FARGO BANK, N.A., EMC MORTGAGE CORP., EMC

MORTGAGE LLC. , WILMINGTON SAVINGS FUND, FSB, NOT IN ITS

INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE OF THE PRIMESTAR-H

FUND I TRUST, WILMINGTON SAVINGS FUND, FSB, NOT IN ITS INDIVIDUAL

CAPACITY BUT SOLELY AS TRUSTEE OF THE PRIMESTAR-F FUND I TRUST,

SELENE FINANCE LP. and WELLS FARGO BANK, N.A., NOT IN ITS

INDIVIDUAL OR BANKING CAPACITY, BUT SOLELY AS TRUSTEE FOR

SRMOF II 2011-1 TRUST, ITS SUCCESSOR AND ASSIGNS have not only failed to

divulge the sale and securitization of the Note that is secured by the Mortgage that

encumbers Plaintiff property with an address of 31-70 Crescent Street, Astoria, NY

11106 (Block 00567, Lot 0049) to the SEC but they have also actively hidden the illegal

transactions and not filed the required Filing to the SEC.

      61.     On or around April 27, 2014, the Defendants WELLS FARGO BANK,

N.A., DOONAN, GRAVES & LONGORIA, LLC., STEPHEN M. VALENTE, ESQ.

WILMINGTON SAVINGS FUND, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT

SOLELY AS TRUSTEE OF THE PRIMESTAR-H FUND I TRUST, MARGOLIN &

WEINREB LAW GROUP, LLP AND ROSS EISENBERG, ESQ.  DAVID

MCCONNELL and PETER S. THOMAS, ESQ.  knew or had reason to know that the

latest entity that claimed ownership of the Note, SELENE NON-PERFORMING LOANS

LLC 2015-1A cannot be substantiated because of the above and also because, it cannot

certify that it is in possession of the true original Note and Mortgage by its issuing date of

May 6, 2015.

      62.     On or around May 5, 2014, almost two years after the Home Foreclosure

lawsuit under Index Number 19942/07 was stayed and remained stayed, and based on

fraudulent documents submitted to the Supreme Court of the State of New York of

Queens County by the Defendants, WELLS FARGO BANK, N.A., DOONAN,

GRAVES & LONGORIA, LLC., STEPHEN M. VALENTE, ESQ. WILMINGTON

SAVINGS FUND, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS

TRUSTEE OF THE PRIMESTAR-H FUND I TRUST, MARGOLIN & WEINREB

LAW GROUP, LLP AND ROSS EISENBERG, ESQ.  and PETER S. THOMAS, ESQ.

the Honorable Kevin J. Kerrigan granted Default Judgment of Foreclosure and Sale to

the Defendant, WELLS FARGO BANK, N.A and ordered the changing of the Caption

from Wells Fargo Bank, N.A. to Wilmington Savings Fund Society, FSB, Not in its

Capacity but solely as Trustee of the PrimeStar-H Fund I (EXHIBIT J).

     63.     On or  around August 18, 2014, the Defendants, WELLS FARGO BANK,

N.A., DOONAN, GRAVES & LONGORIA, LLC., STEPHEN M. VALENTE, ESQ.

WILMINGTON SAVINGS FUND, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT

SOLELY AS TRUSTEE OF THE PRIMESTAR-H FUND I TRUST, MARGOLIN &

WEINREB LAW GROUP, LLP AND ROSS EISENBERG, ESQ. sent a Notice of Entry

of the said Default Judgment and Order to an address that did not belong to the Plaintiff

of this lawsuit (EXHIBIT J). By their action, the above Defendants have committed

Extrinsic Fraud against the Supreme Court of the State of New York of Queens County

and the Plaintiff of this lawsuit.

     64.     On or around October 20, 2014, the Defendants, WELLS FARGO BANK,

WELLS FARGO BANK, N.A., DOONAN, GRAVES & LONGORIA, LLC., STEPHEN

M. VALENTE, ESQ. WILMINGTON SAVINGS FUND, FSB, NOT IN ITS

INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE OF THE PRIMESTAR-H

FUND I TRUST, MARGOLIN & WEINREB LAW GROUP, LLP and ROSS

EISENBERG, ESQ. and JAMIE RAND from their respective offices conspired and acted

in concert to prepare Assignment Documents to assign the illegally obtained and invalid

Note and Mortgage from the Defendant, WILMINGTON SAVINGS FUND, FSB, NOT

IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE OF THE PRIMESTAR-H FUND I TRUST to WILMINGTON SAVINGS FUND, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE OF THE PRIMESTAR-F FUND I TRUST and then to SELENE FINANCE LP.

The Defendant, JAMIE RAND is purported to have signed the said Note and Mortgage Assignments with the title of Vice President on behalf of the Defendants, WILMINGTON SAVINGS FUND, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE OF THE PRIMESTAR-H FUND I TRUST and WILMINGTON SAVINGS FUND, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE OF THE PRIMESTAR-F FUND I TRUST. However, the signature on the Note and Mortgage Assignments are different from the usual signature of the Defendant JAMIE RAND (EXHIBIT K).

65.    On December 26, 2014, after learning that Wilmington savings Fund Society, FSB, Not in its Capacity but solely as Trustee of the PrimeStar-H Fund I was awarded Default Judgment of Foreclosure and sale and Order changing the Caption from Wells Fargo Bank, N.A. to Wilmington savings Fund Society, FSB, Not in its Capacity but solely as Trustee of the PrimeStar-H Fund I which was illegal and unconstitutional, the Plaintiff of this lawsuit filed a Motion to vacate the Default Judgment of Foreclosure and Sale and Notice of Sale on the following grounds:

A. Extrinsic Fraud pursuant to C.P.L.R. 5051(a)(3).

B. Lack of jurisdiction pursuant to C.P.L.R 5051(a)(4).

C. Excuse and Meritorious Defense pursuant to C.P.L.R 5051(a)(1).

66.     On January 21, 2015, after learning that his property which was in dispute in the Home Foreclosure Lawsuit under Index Number 19442/07 was being sold at an Auction on January 23, 2015, the Plaintiff of this lawsuit filed an Order to Show cause to Stay the Sale of his property.

67.     On or around January 28, 2015, the Defendants, WELLS FARGO BANK, N.A., WILMINGTON SAVINGS FUND, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE OF THE PRIMESTAR-H FUND I TRUST, MARGOLIN & WEINREB LAW GROUP, LLP and ROSS EISENBERG, ESQ. from their respective offices, filed Affidavits and Affirmations to the Supreme Court of the State of New York of Queens County stating falsely among others that the Defendant, WILMINGTON SAVINGS FUND, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE OF THE PRIMESTAR-H FUND I TRUST was the owner of the Note and Mortgage that encumbered the Plaintiff's property with an address of 31-70 Crescent Street, Astoria, NY 11106 (Block 00567, Lot 0049).

68.     On or around January 28, 2015, the Defendants, WELLS FARGO BANK, N.A., WILMINGTON SAVINGS FUND, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE OF THE PRIMESTAR-H FUND I TRUST, MARGOLIN & WEINREB LAW GROUP, LLP and ROSS EISENBERG, ESQ. from their respective offices mailed copies of Affidavits and Affirmations to the Plaintiff of this lawsuit County stating falsely among others that the Defendant, WILMINGTON SAVINGS FUND, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE OF THE PRIMESTAR-H FUND I TRUST was the owner of the Note and Mortgage that

encumbered the Plaintiff's property with an address of 31-70 Crescent Street, Astoria, NY 11106 (Block 00567, Lot 0049).

69.   On or around January 28, 2015, at least six entities, namely, WELLS FARGO BANK, N.A., WILMINGTON SAVINGS FUND, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE OF THE PRIMESTAR-H FUND I TRUST, STARWOOD WAYPOINT RESIDENTIAL TRUST, DEUTSCHE BANK, AG, SRMOF II 2011-1 Trust, and SELENE NON-PERFORMING LOANS, LLC. claimed ownership of the Note and Mortgage that encumbers the Plaintiff's property with an address of 31-70 Crescent Street, Astoria, NY 11106 (Block 00567, Lot 0049).

70.   On February 2, 2015, the plaintiff of this lawsuit received a Decision and Order dated January 28, 2015 from the Honorable Kevin J. Kerrigan by regular mail denying Appellant's Motion to Vacate Judgment of Foreclosure and Sale. In the said Decision and Order, the Honorable Kevin J. Kerrigan did not address the facts, the law and grievances of the Plaintiff's Motion to Vacate in any way or form,

71.   On or around February 13, 2015, the Plaintiff of this lawsuit filed a Notice to appeal the Decision and Order of the Honorable Kevin J. Kerrigan in the Appellate Division of the Supreme Court of the State of New York.

72.   On February 18, 2015, the Defendant received a payment in regard to an Enforcement Action upon the Defendant, WELLS FARGO BANK, N.A. thus confirming the correctness of and vindicating the Plaintiff's assertion that the Defendants, WELLS FARGO BANK, N.A. in concert with the other Co-Conspirators had illegally and unjustly initiated and pursued a Home Foreclosure Lawsuit against the Plaintiff in this

lawsuit and that any subsequent Court Actions that pertain to the Home Foreclosure

Lawsuit under Index No. 19442/2007 was and is illegal and unconstitutional (EXHIBIT

L).

73.　　On or around April 7, 2015, the Defendant, WELLS FARGO BANK,

N.A. MARGOLIN & WEINREB LAW GROUP, LLP. , ROSS EISENBERG, ESQ.,

SELENE FINANCE LP and JASON BURR conspired and acted in concert to assign the

illegally obtained invalid Note and Mortgage from the Defendant SELENE FINANCE

LP to the entity WELLS FARGO BANK, N.A., NOT IN ITS INDIVIDUAL OR

BANKING CAPACITY, BUT SOLELY AS TRUSTEE FOR SRMOF II 2011-1

TRUST, ITS SUCCESSOR AND ASSIGNS, thereby concluding the laundering of the

illegally obtained and invalid Note and Mortgage.

On or around April 16, 2015, the Defendants, WELLS FARGO BANK, N.A.,

MARGOLIN & WEINREB LAW GROUP, LLP. , ROSS EISENBERG, ESQ. and

WILMINGTON SAVINGS FUND, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT

SOLELY AS TRUSTEE OF THE PRIMESTAR-H FUND I TRUST, WILMINGTON

SAVINGS FUND, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS

TRUSTEE OF THE PRIMESTAR-F FUND I TRUST, and SELENE FINANCE LP

submitted the said Assignment Documents to the NYC Office of the City Registrar for

recording by the Defendants, MARGOLIN & WEINREB LAW GROUP, LLP. , and

ROSS EISENBERG, ESQ. via electronic transmission (EXHIBIT M).

74.　　On November 13, 2015, despite the fact that the Plaintiff in this lawsuit

had filed for a Petition for Chapter 13 Bankruptcy in the New York Eastern District of the

United States Bankruptcy Court, the Defendants WELLS FARGO BANK, N.A.,

WILMINGTON SAVINGS FUND, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT

SOLELY AS TRUSTEE OF THE PRIMESTAR-H FUND I TRUST, SELENE

FINANCE LP. WELLS FARGO BANK, N.A., NOT IN ITS INDIVIDUAL OR

BANKING CAPACITY, BUT SOLELY AS TRUSTEE FOR SRMOF II 2011-1

TRUST, ITS SUCCESSOR AND ASSIGNS MARGOLIN & WEINREB LAW GROUP,

LLP, ROSS EISENBERG, ESQ. And PETER S. THOMAS sold Plaintiff's property with

an address of 31-70 Crescent Street, Astoria, NY 11106 (Block 00567, Lot 0049) at a

public auction to an undisclosed party for an undisclosed amount that was very far from

the true value of the property.

      75.    On or around the dates of November 13, 2015, the Defendants, WELLS

FARGO BANK, N.A., MARGOLIN & WEINREB LAW GROUP, LLP. , ROSS

EISENBERG, ESQ. , WILMINGTON SAVINGS FUND, FSB, NOT IN ITS

INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE OF THE PRIMESTAR-H

FUND I TRUST, WILMINGTON SAVINGS FUND, FSB, NOT IN ITS INDIVIDUAL

CAPACITY BUT SOLELY AS TRUSTEE OF THE PRIMESTAR-F FUND I TRUST,

SELENE FINANCE LP, WELLS FARGO BANK, N.A., NOT IN ITS INDIVIDUAL

OR BANKING CAPACITY, BUT SOLELY AS TRUSTEE FOR SRMOF II 2011-1

TRUST, ITS SUCCESSOR AND ASSIGNS and PETER S. THOMAS, ESQ, knew or

had reason to know that the Note and Mortgage that encumbered the Plaintiff property

with an with an address of 31-70 Crescent Street, Astoria, NY 11106 (Block 00567, Lot

0049) have been illegally securitized and unlawfully sold to multiple parties, and that

none of the Defendants in this lawsuit can show proper receipt, possession, transfer,

negotiations, and assignment of the Plaintiff's original Promissory Note and Mortgage,

resulting in imperfect security interests and claims or have the ability to establish that the

Mortgage that secured the Note was legally or properly acquired.

76.     On or around the dates of April 27, 2014 and November 13, 2015, the

Defendants WELLS FARGO BANK, N.A., WILMINGTON SAVINGS FUND, FSB,

NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE OF THE

PRIMESTAR-H FUND I TRUST, SELENE FINANCE, LP., WELLS FARGO BANK,

N.A., NOT IN ITS INDIVIDUAL OR BANKING CAPACITY, BUT SOLELY AS

TRUSTEE FOR SRMOF II 2011-1 TRUST, ITS SUCCESSOR AND ASSIGNS

MARGOLIN & WEINREB LAW GROUP, LLP AND ROSS EISENBERG, ESQ. and

PETER S. THOMAS, ESQ. Knew or had reason to know that because the Note was

securitized and converted into a Stock or Stock equivalent, it could no longer exist as the

existence of both the Note and the Stock constitutes Securities Fraud.

77.     On or around the dates of April 27, 2014 and November 13, 2015, the

Defendants WELLS FARGO BANK, N.A., WILMINGTON SAVINGS FUND, FSB,

NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE OF THE

PRIMESTAR-H FUND I TRUST, SELENE FINANCE, LP., WELLS FARGO BANK,

N.A., NOT IN ITS INDIVIDUAL OR BANKING CAPACITY, BUT SOLELY AS

TRUSTEE FOR SRMOF II 2011-1 TRUST, ITS SUCCESSOR AND ASSIGNS

MARGOLIN & WEINREB LAW GROUP, LLP AND ROSS EISENBERG, ESQ. and

PETER S. THOMAS, ESQ. Knew or had reason to know that the Note and/or the

Mortgage that encumbered the Plaintiff property with an with an address of 31-70

Crescent Street, Astoria, NY 11106 (Block 00567, Lot 0049) have been sold, pooled and

securitized on multiple occasions to multiple parties, and that the Defendants in this

lawsuit including, WELLS FARGO BANK, N.A., EMC MORTGAGE CORP., EMC

MORTGAGE LLC. , WILMINGTON SAVINGS FUND, FSB, NOT IN ITS

INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE OF THE PRIMESTAR-H

FUND I TRUST, WILMINGTON SAVINGS FUND, FSB, NOT IN ITS INDIVIDUAL

CAPACITY BUT SOLELY AS TRUSTEE OF THE PRIMESTAR-F FUND I TRUST,

SELENE FINANCE LP. and WELLS FARGO BANK, N.A., NOT IN ITS

INDIVIDUAL OR BANKING CAPACITY, BUT SOLELY AS TRUSTEE FOR

SRMOF II 2011-1 TRUST, ITS SUCCESSOR AND ASSIGNS, have been paid in full

multiple times,

        78.     On or around the dates of April 27, 2014 and November 13, 2015, the

Defendants WELLS FARGO BANK, N.A., WILMINGTON SAVINGS FUND, FSB,

NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE OF THE

PRIMESTAR-H FUND I TRUST, SELENE FINANCE, LP., WELLS FARGO BANK,

N.A., NOT IN ITS INDIVIDUAL OR BANKING CAPACITY, BUT SOLELY AS

TRUSTEE FOR SRMOF II 2011-1 TRUST, ITS SUCCESSOR AND ASSIGNS

MARGOLIN & WEINREB LAW GROUP, LLP AND ROSS EISENBERG, ESQ.  and

PETER S. THOMAS, ESQ. knew or had reason to know that the Defendants WELLS

FARGO BANK, N.A., EMC MORTGAGE CORP., EMC MORTGAGE LLC. ,

WILMINGTON SAVINGS FUND, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT

SOLELY AS TRUSTEE OF THE PRIMESTAR-H FUND I TRUST, WILMINGTON

SAVINGS FUND, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS

TRUSTEE OF THE PRIMESTAR-F FUND I TRUST, SELENE FINANCE LP. and

WELLS FARGO BANK, N.A., NOT IN ITS INDIVIDUAL OR BANKING

CAPACITY, BUT SOLELY AS TRUSTEE FOR SRMOF II 2011-1 TRUST, ITS

SUCCESSOR AND ASSIGNS have not only failed to divulge the sale and securitization

of the Note that is secured by the Mortgage that encumbers Plaintiff property with an

address of 31-70 Crescent Street, Astoria, NY 11106 (Block 00567, Lot 0049) to the SEC

but they have also actively hidden the illegal transactions and not made the required

Filing to the SEC.

     79.    On or around the dates of April 27, 2014 and November 13, 2015, the

Defendants WELLS FARGO BANK, N.A., WILMINGTON SAVINGS FUND, FSB,

NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE OF THE

PRIMESTAR-H FUND I TRUST, SELENE FINANCE, LP., WELLS FARGO BANK,

N.A., NOT IN ITS INDIVIDUAL OR BANKING CAPACITY, BUT SOLELY AS

TRUSTEE FOR SRMOF II 2011-1 TRUST, ITS SUCCESSOR AND ASSIGNS

MARGOLIN & WEINREB LAW GROUP, LLP AND ROSS EISENBERG, ESQ. and

PETER S. THOMAS, ESQ. know or had reason to know that none of the entities that

claimed ownership of the Note, including WELLS FARGO BANK, N.A.,

WILMINGTON SAVINGS FUND, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT

SOLELY AS TRUSTEE OF THE PRIMESTAR-H FUND I TRUST, WELLS FARGO

BANK, N.A., NOT IN ITS INDIVIDUAL OR BANKING CAPACITY, BUT SOLELY

AS TRUSTEE FOR SRMOF II 2011-1 TRUST, ITS SUCCESSOR AND ASSIGNS,

SELENE NON-PERFORMING LOANS LLC 2015-1A,  can substantiate their claim

because of the above.

     80.    On or around the dates of November 13, 2015, the Defendants, WELLS

FARGO BANK, N.A. in concert with the Defendants, MARGOLIN & WEINREB LAW

GROUP, LLP. , ROSS EISENBERG, ESQ. continue to perpetrate their Criminal Scheme

by submitting false Affidavits and Affirmations to the Appellate Division of the Supreme

Court of the State York that are calculated to prevent the Plaintiff of this lawsuit from

exercising his rights with respect to his property with an address of 31-70 Crescent Street,

Astoria, NY 11106 (Block 00567, Lot 0049).

81.     In Summary, despite the fact that, none of the Defendants, including,

WELLS FARGO BANK, N.A., EMC MORTGAGE CORP., EMC MORTGAGE LLC. ,

WILMINGTON SAVINGS FUND, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT

SOLELY AS TRUSTEE OF THE PRIMESTAR-H FUND I TRUST, WILMINGTON

SAVINGS FUND, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS

TRUSTEE OF THE PRIMESTAR-F FUND I TRUST, SELENE FINANCE LP. and

WELLS FARGO BANK, N.A., NOT IN ITS INDIVIDUAL OR BANKING

CAPACITY, BUT SOLELY AS TRUSTEE FOR SRMOF II 2011-1 TRUST, ITS

SUCCESSOR AND ASSIGNS did not own the Note that Plaintiff signed in order to

secure the mortgage that encumbered Plaintiff property with an address of 31-70 Crescent

Street, Astoria, NY 11106 (Block 00567, Lot 0049) and the said Mortgage, on or around

January 3, 2012, the Defendants, WELLS FARGO BANK, N.A., STEVEN J. BAUM,

P.C. AND STEVEN J. BAUM, ESQ., DOONAN, GRAVES & LONGORIA, LLC. and

STEPHEN M. VALENTE, ESQ. MARGOLIN & WEINREB LAW GROUP, LLP AND

ROSS EISENBERG, ESQ. EMC MORTGAGE CORP., EMC MORTGAGE LLC. ,

WILMINGTON SAVINGS FUND, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT

SOLELY AS TRUSTEE OF THE PRIMESTAR-H FUND I TRUST, WILMINGTON

SAVINGS FUND, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS

TRUSTEE OF THE PRIMESTAR-F FUND I TRUST, SELENE FINANCE LP. and

WELLS FARGO BANK, N.A., NOT IN ITS INDIVIDUAL OR BANKING

CAPACITY, BUT SOLELY AS TRUSTEE FOR SRMOF II 2011-1 TRUST, ITS

SUCCESSOR AND ASSIGNS and PETER S. THOMAS, ESQ. conspired and acted in

concert to carry out a Criminal Scheme to launder illegally obtained and invalid Note and

Mortgage that encumber the Plaintiff's property with an address of 31-70 Crescent Street,

Astoria, NY 11106 (Block 549/Lot 49) through illegal assignments of Note and

Mortgage, and submission of false Affidavits and Affirmations, in order to justify

foreclosing and selling Plaintiff's property, and to prevent the Plaintiff from asserting his

rights and litigating the Home Foreclosure Lawsuit in the Supreme Court of the State of

New York of Queens County, thereby enriching themselves at the expense of the

Plaintiff.

      82.     The Plaintiff of this lawsuit became aware the Defendants' Criminal

Scheme on around December 26, 2014, when he learnt that his property was being sold

by the Defendant, PETER S. THOMAS at a Public Auction pursuant to a Default

Judgment of Foreclosure and Sale that was secured through by the Defendants through

Intrinsic Fraud and Extrinsic Fraud.

## B. PLAINTIFF'S ALLEGATIONS

### FIRST COUNT - RICO

      83.     Plaintiff incorporates all other paragraphs in this Complaint by reference

as though fully rewritten herein.

84.     Defendants are liable to Plaintiff under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, *et seq.*, ("RICO").

85.     The Defendants assisted in, implemented and took part in the actions described herein.

86.     The Defendants use the New York City Office of the City Register and the Supreme Court of the State of New York of Queens County in the furtherance of their actions described herein.

87.     The Defendants acted with other entities with respect to their Criminal Scheme to launder illegally obtained and invalid Note and Mortgage that encumber the Plaintiff's property with an address of 31-70 Crescent Street, Astoria, NY 11106 (Block 549/Lot 49) through illegal assignments of Note and Mortgage, and submission of false Affidavits and Affirmations, in order to justify foreclosing and selling Plaintiff's property, and to prevent the Plaintiff from asserting his rights and litigating the Home Foreclosure Lawsuit in the Supreme Court of the State of New York of Queens County, thereby enriching themselves at the expense of the Plaintiff.

88.     The Defendants acted with other entities who are and were each a person as defined in 18 U.S.C. § 1961(3).

89.     The ongoing association of the Defendant WELLS FARGO BANK, N.A. and its agents and employees with the Defendants and other entities are linked by their actions described herein sufficiently form an Enterprise as defined in 18 U.S.C. § 1961(4).

90.     Additionally, the Defendants use of the New York City Office of the City Register and the Supreme Court of the State of New York of Queens County in

furtherance of their actions sufficiently link them to an Enterprise as defined in 18 U.S.C.
§ 1961(4).

91.     The Defendants are and were each legal organization or natural person
that engaged in activities which affect interstate commerce at all times relevant to this
lawsuit.

92.     The Defendants are and were engaged in a Racketeering Acticity as
defined in 18 U.S.C. § 1961(1) at all times relevant to this lawsuit.

93.     The Defendants unlawfully executed or caused to be executed assignments
of an illegally obtained and invalid Note and Mortgage to themselves on several
occasions.

94.     On or around January 3, 2012, it was established that the Note and
Mortgage have been illegally securitized and unlawfully sold to multiple parties, and that
none of the Defendants in this lawsuit can show proper receipt, possession, transfer,
negotiations, and assignment of the Plaintiff's original Promissory Note and Mortgage,
resulting in imperfect security interests and claims. Further, none of the Defendants have
the ability to establish that the Mortgage that secured the Note was legally or properly
acquired.

95.     On or around the dates of January 3, 2012, March 12, 2012, October 20,
2014, April 16, 2015, the Defendants, WELLS FARGO BANK, N.A., STEVEN J.
BAUM, P.C., STEVEN J. BAUM, ESQ., DOONAN, GRAVES & LONGORIA, LLC.,
STEPHEN M. VALENTE, ESQ., MARGOLIN & WEINREB LAW GROUP, LLP. ,
ROSS EISENBERG, ESQ., EDWARD G, OLSON EMC MORTGAGE, CORP.,
MARIX SERVICING, LLC., UNKNOWN INDIVIDUAL , MIGDALIA DEREYAYLA,



WILMINGTON SAVINGS FUND, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT

SOLELY AS TRUSTEE OF THE PRIMESTAR-H FUND I TRUST, JAMIE RAND,

WILMINGTON SAVINGS FUND, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT

SOLELY AS TRUSTEE OF THE PRIMESTAR-F FUND I TRUST and then to

SELENE FINANCE LP, JASON BURR, and WELLS FARGO BANK, N.A., NOT IN

ITS INDIVIDUAL OR BANKING CAPACITY, BUT SOLELY AS TRUSTEE FOR

SRMOF II 2011-1 TRUST, ITS SUCCESSOR AND ASSIGNS, unlawfully executed, or

caused to be executed fraudulent Assignment Documents.

     96.     On or around September 13, 2012, while the Home Foreclosure Action in

the Supreme Court of the State of New York of Queens County under Index No.

19442/07 was stayed, the Defendants, WELLS FARGO BANK, N.A., STEVEN J.

BAUM, P.C., STEVEN J. BAUM, ESQ., DOONAN, GRAVES & LONGORIA, LLC.,

STEPHEN M. VALENTE, ESQ., EMC MORTGAGE , CORPORATION, MARIX

SERVICING, LLC., from their respective offices filed an EX-PARTE Motion for an

Order to appoint a Substitute Referee with the Defendant EMC MORTGAGE,

CORPORATION as Plaintiff. The Defendant, EMC MORTGAGE , CORPORATION

was not the Plaintiff on record and had no standing to pursue this Foreclosure Lawsuit in

replacement of the Defendant, WELLS FARGO BANK, N.A.

     The Defendants WELLS FARGO BANK, N.A., STEVEN J. BAUM, P.C.,

STEVEN J. BAUM, ESQ., DOONAN, GRAVES & LONGORIA, LLC. , STEPHEN M.

VALENTE, ESQ.. EMC MORTGAGE , CORPORATION, MARIX SERVICING, LLC.

intentionally chose not to serve the Plaintiff in this Lawsuit, HIN Y. LIMTUNG with a

Notice of the EX-PARTE COMMUNICATION  and MOTION, thereby constituting

Extrinsic Fraud against the Supreme Court of the State of New York of Queens County
and the Plaintiff of this lawsuit (EXHIBIT D).

97.     On or around September 13, 2012, the Defendants, WELLS FARGO
BANK, N.A., STEVEN J. BAUM, P.C., STEVEN J. BAUM, ESQ., DOONAN,
GRAVES & LONGORIA, LLC. , STEPHEN M. VALENTE, ESQ.. EMC MORTGAGE
, CORPORATION, MARIX SERVICING, LLC.. and SUSAN LEDUC from their
respective offices prepared and submitted Affirmations and Affidavits that stated falsely
that all the documents submitted to the Supreme Court of the State of New York of
Queens County were legal, legally obtained and true, thereby , thereby constituting
Extrinsic Fraud against the Supreme Court of the State of New York of Queens County
and the Plaintiff of this lawsuit (EXHIBIT E).

98.     On April 24, 2014, while the Home Foreclosure Action in the Supreme
Court of the State of New York of Queens County under Index No. 19442/07 remained
stayed and inactive, the Defendants, WELLS FARGO BANK, N.A., STEVEN J. BAUM,
P.C., STEVEN J. BAUM, ESQ., DOONAN, GRAVES & LONGORIA, LLC.,
STEPHEN M. VALENTE, ESQ., EMC MORTGAGE , CORPORATION, MARIX
SERVICING, LLC., WILMINGTON SAVINGS FUND, FSB, NOT IN ITS
INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE OF THE PRIMESTAR-H
FUND I TRUST, from their respective offices conspired and acted in concert to file a
Motion without Notice to the Plaintiff of this lawsuit in the Supreme Court of the State of
New York of Queens County to confirm the Referee's Report and Enter Judgment of
Foreclosure and Sale, and Order Amending Caption without Notice to the Plaintiff of this



Lawsuit , thereby constituting Extrinsic Fraud against the Supreme Court of the State of New York of Queens County and the Plaintiff of this lawsuit (EXHIBIT H).

The Defendants intentionally chose the Defendant, WELLS FARGO BANK, N.A. instead of the Defendant, EMC MORTGAGE, Corporation as Plaintiff in the Caption, thereby committing Extrinsic Fraud against the Supreme Court of the State of New York of Queens County and the Plaintiff of this lawsuit (EXHIBIT H).

99.  On or around April 24, 2014, the Defendants, WELLS FARGO BANK, N.A., STEVEN J. BAUM, P.C., STEVEN J. BAUM, ESQ., DOONAN, GRAVES & LONGORIA, LLC., STEPHEN M. VALENTE, ESQ., EMC MORTGAGE , CORPORATION, MARIX SERVICING, LLC, WILMINGTON SAVINGS FUND, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE OF THE PRIMESTAR-H FUND I TRUST, SUSAN LEDUC, and MIGDALIA DEREYAYLA knew or had reason to know that the Assignment Documents that transferred the illegally obtained and invalid Note and Mortgage from the Defendant EMC MORTGAGE, LLC to WILMINGTON SAVINGS FUND, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE OF THE PRIMESTAR-H FUND I TRUST  was a sham and illegal as they were executed by an unknown individual with unknown affiliation in Kings County in the State of New York and that the Defendant, MIGDALIA DEREYAYLA notarized the documents despite the fact that they were signed by an unknown individual with unknown affiliation, , thereby constituting Intrinsic Fraud and Extrinsic Fraud against the Supreme Court of the State of New York of Queens County and the Plaintiff of this lawsuit (EXHIBIT G)

100.  On or around April 27, 2014, the Defendants, WELLS FARGO BANK,



N.A., DOONAN, GRAVES & LONGORIA, LLC., STEPHEN M. VALENTE, ESQ.

WILMINGTON SAVINGS FUND, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT

SOLELY AS TRUSTEE OF THE PRIMESTAR-H FUND I TRUST and PETER S.

THOMAS, ESQ. submitted to the Supreme Court of the State of New York of Queens

County, a Referee's Report stating falsely without Notice to the Plaintiff that the Plaintiff

of this lawsuit owed the Defendants, WELLS FARGO BANK, N.A. and WILMINGTON

SAVINGS FUND, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS

TRUSTEE OF THE PRIMESTAR-H FUND I TRUST the amount of $1,043,711.56

which included $332,799.44 as interest at 9.62500% per annum from March 1, 2007 to

June 24, 2013, , thereby constituting Extrinsic Fraud against the Supreme Court of the

State of New York of Queens County and the Plaintiff of this lawsuit (EXHIBIT I).

101.    On or around May 5, 2014, almost two years after the Home Foreclosure

lawsuit under Index Number 19942/07 was stayed and remained stayed, and based on

fraudulent documents submitted to the Supreme Court of the State of New York of

Queens County, the Honorable Kevin J. Kerrigan granted Default Judgment of

Foreclosure and Sale to the Defendant, WELLS FARGO BANK, N.A and ordered the

changing of the Caption from Wells Fargo Bank, N.A. to Wilmington Savings Fund

Society, FSB, Not in its Capacity but solely as Trustee of the PrimeStar-H Fund I

(EXHIBIT J).

102.    On August 18, 2014, the Defendants, WELLS FARGO BANK, N.A.,

DOONAN, GRAVES & LONGORIA, LLC., STEPHEN M. VALENTE, ESQ.

WILMINGTON SAVINGS FUND, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT

SOLELY AS TRUSTEE OF THE PRIMESTAR-H FUND I TRUST, MARGOLIN &

WEINREB LAW GROUP, LLP AND ROSS EISENBERG, ESQ. sent a Notice of Entry of the said Default Judgment and Order to an address that did not belong to the Plaintiff of this lawsuit, , thereby constituting Extrinsic Fraud against the Supreme Court of the State of New York of Queens County and the Plaintiff of this lawsuit (EXHIBIT J, No.2 and No.11)

103.    The above actions of the Defendants constitute Grand Larceny in the First Degree, Criminal Possession of Stolen Property. Intrinsic Fraud, and Extrinsic Fraud.

104.    On or around February 18, 2015, the Defendant received a payment in regard to an Enforcement Action upon the Defendant, WELLS FARGO BANK, N.A. thus confirming the correctness of and vindicating the Plaintiffs assertion that the Defendants, WELLS FARGO BANK, N.A. in concert with the other Co-Conspirators, had illegally and unjustly initiated and pursued a Home Foreclosure Lawsuit against the Plaintiff in this lawsuit and that any subsequent Court Actions that pertain to the Home Foreclosure Lawsuit under Index No. 19442/2007 was and is illegal and unconstitutional (EXHIBIT L).

105.    On November 13, 2015, despite the fact that the Plaintiff in this lawsuit had filed for a Petition for Chapter 13 Bankruptcy in the New York Eastern District of the United States Bankruptcy Court, the Defendants WELLS FARGO BANK, N.A., DOONAN, GRAVES & LONGORIA, LLC., STEPHEN M. VALENTE, ESQ. WILMINGTON SAVINGS FUND, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE OF THE PRIMESTAR-H FUND I TRUST, MARGOLIN & WEINREB LAW GROUP, LLP, ROSS EISENBERG, ESQ., SELENE FINANCE LP, WELLS FARGO BANK, N.A., NOT IN ITS INDIVIDUAL OR BANKING

CAPACITY, BUT SOLELY AS TRUSTEE FOR SRMOF II 2011-1 TRUST, ITS

SUCCESSOR AND ASSIGNS and PETER S. THOMAS sold Plaintiff's property with an

address of 31-70 Crescent Street, Astoria, NY 11106 (Block 00567, Lot 0049) at a public

auction to an undisclosed party for an undisclosed amount that was very far from the true

value of the property.

106. On or around the dates of April 24, 2014 and November 13, 2015, the

Defendants, WELLS FARGO BANK, N.A., DOONAN, GRAVES & LONGORIA,

LLC., STEPHEN M. VALENTE, ESQ. WILMINGTON SAVINGS FUND, FSB, NOT

IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE OF THE

PRIMESTAR-H FUND I TRUST, MARGOLIN & WEINREB LAW GROUP, LLP,

ROSS EISENBERG, ESQ., SELENE FINANCE LP, WELLS FARGO BANK, N.A.,

NOT IN ITS INDIVIDUAL OR BANKING CAPACITY, BUT SOLELY AS TRUSTEE

FOR SRMOF II 2011-1 TRUST, ITS SUCCESSOR AND ASSIGNS and PETER S.

THOMAS knew or had reason to know that the Assignment Documents that transferred

the illegally obtained and invalid Note and Mortgage from the Defendant EMC

MORTGAGE, LLC to WILMINGTON SAVINGS FUND, FSB, NOT IN ITS

INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE OF THE PRIMESTAR-H

FUND I TRUST was a sham and illegal as they were executed by an unknown

individual with unknown affiliation in Kings County in the State of New York and that

the Defendant, MIGDALIA DEREYAYLA notarized the documents despite the fact that

they were signed by an unknown individual with unknown affiliation (EXHIBIT E)

107. On or around the dates of April 27, 2014 and November 13, 2015, the

Defendants, WELLS FARGO BANK, N.A., DOONAN, GRAVES & LONGORIA,



LLC., STEPHEN M. VALENTE, ESQ. WILMINGTON SAVINGS FUND, FSB, NOT
IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE OF THE
PRIMESTAR-H FUND I TRUST, MARGOLIN & WEINREB LAW GROUP, LLP,
ROSS EISENBERG, ESQ., SELENE FINANCE LP, WELLS FARGO BANK, N.A.,
NOT IN ITS INDIVIDUAL OR BANKING CAPACITY, BUT SOLELY AS TRUSTEE
FOR SRMOF II 2011-1 TRUST, ITS SUCCESSOR AND ASSIGNS and PETER S.
THOMAS knew or had reason to know that the assignment of the illegally obtained and
invalid Note and Mortgage from the Defendant, EMC MORTGAGE CORP. to the
Defendant, EMC MORTGAGE LLC. with an address of 909 North Hidden Ridge Drive,
Suite 200, Irving, TX 75038 and then to the WILMINGTON SAVINGS FUND, FSB,
NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE OF THE
PRIMESTAR-H FUND I TRUST, C/O PRIME ASSET FUND with an address of C/O
PRIME ASSET FUND, P.O. BOX 447, ODESSA, FL 33556, was a sham and an illegal
act, and contravened New York State Law.

108. On or around the dates of April 27, 2014 and November 13, 2015, the
Defendants, WELLS FARGO BANK, N.A., DOONAN, GRAVES & LONGORIA,
LLC., STEPHEN M. VALENTE, ESQ. WILMINGTON SAVINGS FUND, FSB, NOT
IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE OF THE
PRIMESTAR-H FUND I TRUST, MARGOLIN & WEINREB LAW GROUP, LLP,
ROSS EISENBERG, ESQ., SELENE FINANCE LP, WELLS FARGO BANK, N.A.,
NOT IN ITS INDIVIDUAL OR BANKING CAPACITY, BUT SOLELY AS TRUSTEE
FOR SRMOF II 2011-1 TRUST, ITS SUCCESSOR AND ASSIGNS and PETER S.
THOMAS knew or had reason to know that the Assignment of the illegally obtained and

44

illegal Note and Mortgage from the Defendant, EMC MORTGAGE CORP. to the Defendant, EMC MORTGAGE LLC. with an address of 909 North Hidden Ridge Drive, Suite 200, Irving, TX 75038 and then to the WILMINGTON SAVINGS FUND, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE OF THE PRIMESTAR-H FUND 1 TRUST, C/O PRIME ASSET FUND with an address of C/O PRIME ASSET FUND, P.O. BOX 447, ODESSA, FL 33556, was signed by an unknown individual (a Robo Signer) with an unknown affiliation and is therefore illegal in the State of New York..

109.    On or around the dates of April 27, 2014 and November 13, 2015, the Defendants, WELLS FARGO BANK, N.A., DOONAN, GRAVES & LONGORIA, LLC., STEPHEN M. VALENTE, ESQ. WILMINGTON SAVINGS FUND, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE OF THE PRIMESTAR-H FUND I TRUST, MARGOLIN & WEINREB LAW GROUP, LLP, ROSS EISENBERG, ESQ., SELENE FINANCE LP, WELLS FARGO BANK, N.A., NOT IN ITS INDIVIDUAL OR BANKING CAPACITY, BUT SOLELY AS TRUSTEE FOR SRMOF II 2011-1 TRUST, ITS SUCCESSOR AND ASSIGNS and PETER S. THOMAS Knew or had reason to know that the Note and Mortgage that encumbered the Plaintiff property with an with an address of 31-70 Crescent Street, Astoria, NY 11106 (Block 00567, Lot 0049) have been illegally securitized and unlawfully sold to multiple parties, and that none of the Defendants can show proper receipt, possession, transfer, negotiations, and assignment of the Plaintiff's original Promissory Note and Mortgage, resulting in imperfect security interests and claims or have the ability to establish that the Mortgage that secured the Note was legally or properly acquired.



110.   On or around the dates of April 27, 2014 and November 13, 2015, the Defendants WELLS FARGO BANK, N.A., DOONAN, GRAVES & LONGORIA, LLC., STEPHEN M. VALENTE, ESQ. WILMINGTON SAVINGS FUND, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE OF THE PRIMESTAR-H FUND I TRUST, MARGOLIN & WEINREB LAW GROUP, LLP, ROSS EISENBERG, ESQ.,  SELENE FINANCE LP, WELLS FARGO BANK, N.A., NOT IN ITS INDIVIDUAL OR BANKING CAPACITY, BUT SOLELY AS TRUSTEE FOR SRMOF II 2011-1 TRUST, ITS SUCCESSOR AND ASSIGNS and PETER S. THOMAS Knew or had reason to know that because the Note was securitized and converted into a Stock or Stock equivalent, it could no longer exist as the existence of both the Note and the Stock constitutes Securities Fraud.

111.   On or around the dates of April 27, 2014 and November 13, 2015, the Defendants WELLS FARGO BANK, N.A., DOONAN, GRAVES & LONGORIA, LLC., STEPHEN M. VALENTE, ESQ. WILMINGTON SAVINGS FUND, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE OF THE PRIMESTAR-H FUND I TRUST, MARGOLIN & WEINREB LAW GROUP, LLP, ROSS EISENBERG, ESQ.,  SELENE FINANCE LP, WELLS FARGO BANK, N.A., NOT IN ITS INDIVIDUAL OR BANKING CAPACITY, BUT SOLELY AS TRUSTEE FOR SRMOF II 2011-1 TRUST, ITS SUCCESSOR AND ASSIGNS and PETER S. THOMAS, ESQ. knew or had reason to know that the Note and  the Mortgage that encumbered the Plaintiff property with an with an address of 31-70 Crescent Street, Astoria, NY 11106 (Block 00567, Lot 0049) have been sold, pooled and securitized on multiple occasions to multiple parties, and that the Defendants in this lawsuit including,



WELLS FARGO BANK, N.A., EMC MORTGAGE CORP., EMC MORTGAGE LLC. ,

WILMINGTON SAVINGS FUND, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT

SOLELY AS TRUSTEE OF THE PRIMESTAR-H FUND I TRUST, WILMINGTON

SAVINGS FUND, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS

TRUSTEE OF THE PRIMESTAR-F FUND I TRUST, SELENE FINANCE LP. and

WELLS FARGO BANK, N.A., NOT IN ITS INDIVIDUAL OR BANKING

CAPACITY, BUT SOLELY AS TRUSTEE FOR SRMOF II 2011-1 TRUST, ITS

SUCCESSOR AND ASSIGNS, have been paid in full multiple times,

112.   On or around the dates of April 27, 2014 and November 13, 2015, the

Defendants WELLS FARGO BANK, N.A., DOONAN, GRAVES & LONGORIA,

LLC., STEPHEN M. VALENTE, ESQ. WILMINGTON SAVINGS FUND, FSB, NOT

IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE OF THE

PRIMESTAR-H FUND I TRUST, MARGOLIN & WEINREB LAW GROUP, LLP,

ROSS EISENBERG, ESQ.,  SELENE FINANCE LP, WELLS FARGO BANK, N.A.,

NOT IN ITS INDIVIDUAL OR BANKING CAPACITY, BUT SOLELY AS TRUSTEE

FOR SRMOF II 2011-1 TRUST, ITS SUCCESSOR AND ASSIGNS and PETER S.

THOMAS knew or had reason to know that the Defendants WELLS FARGO BANK,

N.A., EMC MORTGAGE CORP., EMC MORTGAGE LLC. , WILMINGTON

SAVINGS FUND, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS

TRUSTEE OF THE PRIMESTAR-H FUND I TRUST, WILMINGTON SAVINGS

FUND, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE

OF THE PRIMESTAR-F FUND I TRUST, SELENE FINANCE LP. and WELLS

FARGO BANK, N.A., NOT IN ITS INDIVIDUAL OR BANKING CAPACITY, BUT



SOLELY AS TRUSTEE FOR SRMOF II 2011-1 TRUST, ITS SUCCESSOR AND ASSIGNS have not only failed to divulge the sale and securitization of the Note that is secured by the Mortgage that encumbers Plaintiff property with an address of 31-70 Crescent Street, Astoria, NY 11106 (Block 00567, Lot 0049) to the SEC but they have also actively hidden the illegal transactions and not filed the required Filing to the SEC.

113.    On or around the dates of April 27, 2014 and November 13, 2015, the Defendants WELLS FARGO BANK, N.A., DOONAN, GRAVES & LONGORIA, LLC., STEPHEN M. VALENTE, ESQ. WILMINGTON SAVINGS FUND, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE OF THE PRIMESTAR-H FUND I TRUST, MARGOLIN & WEINREB LAW GROUP, LLP, ROSS EISENBERG, ESQ.,  SELENE FINANCE LP, WELLS FARGO BANK, N.A., NOT IN ITS INDIVIDUAL OR BANKING CAPACITY, BUT SOLELY AS TRUSTEE FOR SRMOF II 2011-1 TRUST, ITS SUCCESSOR AND ASSIGNS and PETER S. THOMAS knew or had reason to know that the latest entity that claimed ownership of the Note, SELENE NON-PERFORMING LOANS LLC 2015-1A cannot be substantiated because of the above and also because, it cannot certify that it is in possession of the true original Note and Mortgage by its issuing date of May 6, 2015.

114.    As of the date of this Complaint, the Defendants, WELLS FARGO BANK, N.A., DOONAN, GRAVES & LONGORIA, LLC., STEPHEN M. VALENTE, ESQ. WILMINGTON SAVINGS FUND, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE OF THE PRIMESTAR-H FUND I TRUST, MARGOLIN & WEINREB LAW GROUP, LLP, ROSS EISENBERG, ESQ.,  SELENE FINANCE LP, WELLS FARGO BANK, N.A., NOT IN ITS INDIVIDUAL OR BANKING



CAPACITY, BUT SOLELY AS TRUSTEE FOR SRMOF II 2011-1 TRUST, ITS

SUCCESSOR AND ASSIGNS, have taken no action to correct, amend or substitute the

fraudulent Assignments and  the fraudulent Assignments remain recorded with New York

City Office of the City Register, and it is unlikely that they will take any action to correct,

amend or substitute the fraudulent Assignments in the future, such that their misconduct

will continue indefinitely into the future.

115.    The Defendants are and were engaged in a Pattern of Racketeering activity

as defined in 18 U.S.C. § 1961(5) at all times relevant to this lawsuit.

116.    The Defendants communicated with Plaintiff, with each other, and with

the New York City Office of the City Register, the Supreme Court of the State of New

York of Queens County, the Appellate Division of the Supreme Court of the State of

New York and the New York Eastern District of the United States Bankruptcy Court via

mail, telephone, wire, and electronic mail. communications within a ten year period

immediately preceding the date of this Complaint

117.    The Defendants acted in the following manners, which were devised and

implemented as a Criminal Scheme to defraud the Plaintiff of this lawsuit:

a. Drafting and executing the fraudulent Assignments.

b. Recording the fraudulent Assignments with the New York City Office

of the City Register.

c. Filing legal actions relying on the Assignments to demonstrate, amongst

other things, standing to pursue a Home Foreclosure Lawsuit in the

Supreme Court of the State of New York of Queens County.



d. Filing Affidavits and Affirmations that contain falsehood in regard to the Assignments to the Supreme Court of the State of New York of Queens County..

d. Seeking Judgment in their favors to those legal actions relying on the fraudulent Assignments.

e. Obtaining Judgment in their favors in those legal actions where the Court relied on these Assignments.

f. Selling Plaintiff's property with an address of 31-70 Crescent Street, Astoria, NY 11106 (Block 00567, Lot 0049).

f. Opposing Plaintiff's Court Actions for relief in the Supreme Court of the State of New York of Queens County, the Second Department of the Appellate Division of the Supreme Court of the State of New York and the New York Easter District of the United States Bankruptcy Court.

118.   These actions were part of a criminal scheme or artifice to defraud the Plaintiff of this lawsuit.

119.   The conduct of the Defendants described herein constitutes unlawful conduct, including that conduct being devised and implemented to defraud the Plaintiff of this lawsuit.

120.   The Defendants representations to the Plaintiff of this Lawsuit, the New York City Office of the City Register, Supreme Court of the State of New York of Queens County, the Appellate Division of the Supreme Court of the State of New York and the New York Eastern District of the United States Bankruptcy Court about the possibility, legality, and truthfulness of the Assignments were not true.

50

121.   The representations made by the Defendants as stated herein were material to defraud the Plaintiff of this lawsuit.

122.   The Defendants communicated their representations using the United States Postal Office.

123.   The Defendants communicated their representations using wire communications.

124.   The Defendants communicated their representations to Plaintiff, and the referenced others, more than four times using interstate commerce.

125.   The Defendants individually or collectively, sent the Plaintiff of this lawsuit more than four letters using the Postal Service during the times relevant to this lawsuit.

126.   The Defendants individually or collectively communicated with the Plaintiff of this lawsuit more than four times using the wired telephone service during relevant times of this lawsuit.

127.   The Defendants communicated more than four times with the New York City Office of the City Register using Internet Electronic Transmission.

128.   The actions of the Defendants constitute a pattern of conduct.

129.   The Defendants, both individually and collectively, amongst themselves, and with Plaintiff, and the New York City Office of the City Register, Supreme Court of the State of New York of Queens County, the Appellate Division of the Supreme Court of the State of New York and the New York Eastern District of the United States Bankruptcy Court constitute a pattern of conduct.

130.   The Defendants use false or fraudulent pretenses or representations as part of a scheme or artifice to defraud the Plaintiff of this lawsuit.

131.   The Defendants use false or fraudulent pretenses or representations as part of a scheme or artifice to defraud the New York City Office of the City Register, Supreme Court of the State of New York of Queens County, the Appellate Division of the Supreme Court of the State of New York and the New York Eastern District of the United States Bankruptcy Court.

132.   The actions of the Defendants described herein constitute Fraud by Wire, Radio, or telephone under 18 U.S.C. § 1343.

133.   The actions of the Defendants described herein constitute Fraud and Swindles under 18 U.S.C. § 1341.

134.   The Defendants both individually and collectively, were related in that their actions had similar purposes, results, participants, victim and methods of communication.

135.   The actions of the Defendants, both by each individually and collectively, were and are continuous and pose a threat of repetition extending indefinitely in the future.

136.   The Defendants have executed, or cause to be executed other impossible Note and Mortgage Assignments in various State and Federal Courts that are unlawful and/or fraudulent, or continue to fail to take corrective action to notify the courts of impossible assignments they have already filed. These include the following cases:

(i)     Wells Fargo Bank, N.A. as Trustee for ABFC 2006-OPT3 Trust,

ABFC Asset Backed Certificates, Series 2006-OPT3 v. Rotimi Erobobo et al., Index No.

31648/2009, 2013 WL 1831799 (N.Y. Sup. Ct. Apr 29, 2013)

(ii)    In re Cynthia Carrsow Franklin, Debtor, United States Bankruptcy

Court of the Southern District of New York, Case No. 10-20010.

(iii)   Karthik Subramani v. Wells Fargo Bank, N.A., Case No. 13-1605

SC.

(iv)    Jason P. Seidler and Melissa C. Seidler v, Wells Fargo Bank, N.A.

as Successor by Merger to Wachovia Bank, N.A., First District Court of

Appeal of the State of Florida, Case No. ID14-2569.

(v)     Rodriguez v. Wells Fargo Bank, N.A. d/b/a America's Servicing

Company, Fourth District Court of Appeal of the State of Florida, Case

No. 4D14-100

137.    The Defendants' actions in this Count constitute a scheme to defraud the

Plaintiff.

138.    The Defendants took the actions defined in this Count in furtherance of a

scheme to defraud Plaintiff, and were taken in an effort to defraud Plaintiff of money and

property.

139.    The Defendants' communications with Plaintiff and the New York City

Office of the City Register and Supreme Court of the State of New York of Queens

County occurred as part of a common plan or scheme of the Defendants.

140.    The Defendants, each individually, conducted or participated in the conduct or the affairs of the Defendants as described herein.

141.    The Defendants took the actions defined in this Count willfully, intentionally, with knowledge of their actions, and with the intent to defraud the Plaintiff of this lawsuit.

142.    The Defendants intentionally and willfully participated in the scheme to defraud the Plaintiff of this lawsuit.

143.    The Defendants took the actions defined in this Count with the knowledge that their actions would result in the taking of Plaintiff's property through foreclosure and Court Appointed Referee sale, and they could not establish a right to using the Assignments.

144.    The Defendants took the actions defined in this Count with the knowledge their actions would likely result in them defrauding the Plaintiff of this lawsuit.

145.    The Defendants took the actions defined herein with callous and reckless indifference to the rights of the others.

146.    The Defendants participated in the scheme to defraud the Plaintiff of this lawsuit with callous and reckless indifference to the rights of others.

147.    Plaintiff alleges that the Defendants' Criminal Scheme to launder illegally obtained and invalid Note and Mortgage that encumbered the Plaintiff's property with an address of 31-70 Crescent Street, Astoria, NY 11106 (Block 549/Lot 49) through fraudulent assignments of illegally obtained and invalid Note and Mortgage, and submission of false Affidavits and Affirmations, in order to justify foreclosing and selling Plaintiff's property, and to prevent the Plaintiff from asserting his rights and litigating the

Home Foreclosure Lawsuit under Index No. 19942/07 in the Supreme Court of the State of New York of Queens County constitutes Extrinsic Fraud and that the Defendants have violated 18 U.S.C. § 1962(b), 18 U.S.C. § 1962(c) and 18 U.S.C. § 1962(d) of the Racketeer Influenced and Corrupt Organizations (RICO) Act, and 18 U.S.C. § 1341 18 U.S.C. § 1343 of the Mail and Wire Fraud Statutes.

148.    The Plaintiff became aware of the Defendants' Criminal Scheme on or around December 26, 2014 when he learnt that his property with an address of 31-70 Crescent Street, Astoria, NY 11106 (Block 549/Lot 49) was being sold at a public auction pursuant to a Judgment of Foreclosure and Sale that was secured as a result of the Defendants' Criminal Scheme.

149.    Plaintiff was injured by the Defendants' RICO violations, including by having to defend a Home Foreclosure Lawsuit based on the impossible Assignments, having his property sold, having to face potential multiple liability from others who may claim an interest in the true Note and Mortgage, and having Plaintiff's property title clouded by the impossible Assignments,

150.    As January 28, 2015, at least six entities, namely, WELLS FARGO BANK, N.A., WILMINGTON SAVINGS FUND, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE OF THE PRIMESTAR-H FUND I TRUST, STARWOOD WAYPOINT RESIDENTIAL TRUST, DEUTSCHE BANK, AG, SRMOF II 2011-1 Trust, and SELENE NON-PERFORMING LOANS, LLC. have claimed ownership of the Note and Mortgage that encumbers the Plaintiff's property with an address of 31-70 Crescent Street, Astoria, NY 11106 (Block 00567, Lot 0049).

55

151.     The damage suffered by the Plaintiff in this Lawsuit is the direct result of the Defendants' Criminal Scheme to launder illegally obtained and invalid Note and Mortgage that encumbered the Plaintiff's property with an address of 31-70 Crescent Street, Astoria, NY 11106 (Block 549/Lot 49) through fraudulent assignments of illegally obtained and invalid Note and Mortgage, and submission of false Affidavits and Affirmations, in order to justify foreclosing and selling Plaintiff's property, and to prevent the Plaintiff from asserting his rights and litigating the Home Foreclosure Lawsuit under Index No. 19942/07 in the Supreme Court of the State of New York of Queens

152.     The Defendants were the actual and proximate cause of the Plaintiff's injuries and each are liable to him under this Count.

153.     The Plaintiff alleges that this lawsuit is not subject to the Rooker-Feldman bar because the Plaintiff alleges that Plaintiff's injury which consists of the inability to assert his right and to litigate the illegal Home Foreclosure Lawsuit is not the result of the of the Judgment of Foreclosure and that the Plaintiff's injury predates the Judgment of Foreclosure and Sale.

154.     The Plaintiff further alleges that the Judgment of Foreclosure and sale was procured as a result of the Defendants' Criminal Scheme and therefore constitute Intrinsic Fraud and Extrinsic Fraud. Thus, this lawsuit is not barred by the Rooker-Feldman Doctrine.

155.     By reason of the foregoing, each Defendant violated Section 1341 and/or Section 1343 of Title 18 of the United States Code more than two occasions.

156.     By reason of the foregoing, each of the Defendant conspired to violate 18 U.S.C. § 1962(b) 18 U.S.C. § 1962(c) and 18 U.S.C. § 1962(d) with each other to


56

effectuate the Criminal Scheme and each of the racketeering acts set forth above constituted an overt act in furtherance of that conspiracy.

157.   By reason of the premises aforesaid, each and every Defendant has individually and severally violated 18 U.S.C. § 1962(b), 18 U.S.C. § 1962(c), 18 U.S.C. § 1962(d).

## SECOND COUNT - FDCPA

158.   Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully rewritten herein,

159.   The Defendants actions of filing and maintaining the Home Foreclosure Action in the Supreme Court of the State of New York of Queens County under Index No. 19942/07 and opposing Plaintiff's Motion from Judgment with the use of false affidavits, affirmations and statements and evidence constitute a false, deceptive, and misleading practice in attempt to collect a debt, in violation of the FDCPA, 15 U.S.C. § 1692e.

160.   On or around April 27, 2014, the Defendants, WELLS FARGO BANK, N.A., STEVEN J. BAUM, P.C., STEVEN J. BAUM, ESQ.,DOONAN, GRAVES & LONGORIA, LLC., STEPHEN M. VALENTE, ESQ. WILMINGTON SAVINGS FUND, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE OF THE PRIMESTAR-H FUND I TRUST, DAVID MCCONNELL and PETER S. THOMAS, ESQ. submitted to the Supreme Court of the State of New York of Queens County, a Referee's Report stating that the Plaintiff of this lawsuit owed the Defendant, WILMINGTON SAVINGS FUND, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT



SOLELY AS TRUSTEE OF THE PRIMESTAR-H FUND I TRUST the amount of
$1,043,711.56 which included $332,799.44 as interest at 9.62500% per annum from
March 1, 2007 to June 24, 2013 (EXHIBIT I and EXHIBIT J).

161.    On or around April 27, 2014, the Defendants, WELLS FARGO BANK,
N.A., STEVEN J. BAUM, P.C., STEVEN J. BAUM, ESQ., DOONAN, GRAVES &
LONGORIA, LLC., STEPHEN M. VALENTE, ESQ. WILMINGTON SAVINGS
FUND, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE
OF THE PRIMESTAR-H FUND I TRUST, DAVID MCCONNELL and PETER S.
THOMAS, ESQ. knew or had reason to know that the interest that could be charged in
the Mortgage that encumbers the Plaintiff's property with an address of with an address
of 31-70 Crescent Street, Astoria, NY 11106 (Block 00567, Lot 0049) was no more than
6.5% as of 2008.

162.    On or around April 27, 2014, the Defendants, WELLS FARGO BANK,
N.A., STEVEN J. BAUM, P.C., STEVEN J. BAUM, ESQ., DOONAN, GRAVES &
LONGORIA, LLC., STEPHEN M. VALENTE, ESQ. WILMINGTON SAVINGS
FUND, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE
OF THE PRIMESTAR-H FUND I TRUST, DAVID MCCONNELL and PETER S.
THOMAS, ESQ. knew or had reason to know that the Defendant WILMINGTON
SAVINGS FUND, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS
TRUSTEE OF THE PRIMESTAR-H FUND I TRUST was not the rightful owner of the
Note and Mortgage that encumbered the Plaintiff's property with an address of 31-70
Crescent Street, Astoria, NY 11106 (Block 00567, Lot 0049).

163.   Plaintiff has suffered emotional distress, expenses, loss of money and loss of income as a result of the Defendants' actions.

164.   The Defendants are liable to Plaintiff under this Count for its FDCPA violations in an amount to be determined by the Honorable Court but should be no less than $200,000.

## V. REMEDY/PRAYER FOR RELIEF

### FIRST COUNT: RICO

165.   By reasons of the foregoing violations of U.S.C. § 1962(b), 18 U.S.C. § 1962(c) and 18 U.S.C. § 1962(d), the Plaintiff in this lawsuit was prevented from asserting his rights in and litigating the Home Foreclosure Lawsuit under Index No. 19442/07 in the Supreme Court of the State of New York of Queens County. As a result, the Plaintiff has suffered damage to his property in the amount of at least $2,000000.

166.   Such property damage include, but not limited to lost of Plaintiff's property with an address of 31-70 Crescent Street, Astoria, NY 11106 (Block 00567, Lot 0049) and loss of rental income for the said property.

167.   Pursuant to the provisions of RICO, said damage as is found due must be trebled.

168.   The Plaintiff of this lawsuit respectfully requests that the Honorable Court issue a Declaration that the Assignments of Note and Mortgage described in Plaintiff's lawsuit were illegal and void.

169.   The Plaintiff of this lawsuit respectfully requests that the Honorable Court



issue an Injunction preventing the Defendants from filing any assignments of Note and

Mortgage that encumbers Plaintiff's property with an address of 31-70 Crescent Street,

Astoria, NY 11106 (Block 00567, Lot 0049)

170.    The Plaintiff of this lawsuit respectfully requests that the Honorable Court

issue an Injunction barring the transfer of the Plaintiff's property with an address of 31-

70 Crescent Street, Astoria, NY 11106 (Block 00567, Lot 0049) to any Purchaser at any

Foreclosure Sale conducted by the Defendant, PETER S. THOMAS, ESQ.


### SECOND COUNT TWO:

171.    By reasons of the foregoing violation of the FDCPA, 15 U.S.C. § 1692e.,

Plaintiff has suffered emotional distress, expenses, loss of money and loss of income as a

result of the Defendants' actions.

172.    The Defendants are liable to Plaintiff under this Count for its FDCPA

violations in an amount to be determined by the Honorable Court but should be no less

than $200,000.


WHEREFORE, the Plaintiff of this lawsuit respectfully prays that the Honorable

grants Judgment as set forth above and award such other relief as the Honorable Court

deems appropriate.


Dated: Queens County, New York
        January 6, 2016


Respectfully,

HIN Y. LIMTUNG
PLAINTIFF
31-70 CRESCENT STREET
ASTORIA, NY 11106
TEL: 646-500-1728

SWORN TO BEFORE ME ON _____06_____ DAY OF JANUARY 2016.


_____
NOTARY PUBLIC

VITOR S PROENCA
Notary Public - State of New York
NO. 01PR6204829
Qualified in Queens County
My Commission Expires

_____
STAMP OF NOTARY PUBLIC

61

## VERIFICATION

I am the Plaintiff in this action. I have read the foregoing Complaint and it is true of my

own knowledge, except as to those matters on infomation and belief, and as to those

matters, that I believe to be true.


I declare under penalty of perjury under the laws of the State of New York that the

foregoing is true and correct.


Dated: County of Queens, New york
        January 6, 2016

                                        Respectfully,

                                        HIN Y. LIMTUNG
                                        PLAINTIFF
                                        31-70 CRESCENT STREET
                                        ASTORIA, NY 11106
                                        TEL: 646-500-1728.


SWORN TO BEFORE ME ON JANUARY 6, 2016.


NOTARY PUBLIC

VITOR B PROENCA
Notary Public - State of New York
NO. 01PR6204829
Qualified in Queens County
My Commission Expires

STAMP OF NOTARY PUBLIC


62